# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
Filed: August 21, 2025

| | | |
|---|---|---|
| * * * * * * * * * * * * | | |
| MARK A. HAYNES, | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | No. 19-1563V |
| | * | |
| v. | * | Special Master Dorsey |
| | * | |
| SECRETARY OF HEALTH | * | Attorneys' Fees and Costs. |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| | * | |
| * * * * * * * * * * * * | | |

<u>Nathan Williams</u>, Bahe Cook Cantley & Nefzger, Louisville, KY, for Petitioner.
<u>Madelyn Weeks</u>, U.S. Department of Justice, Washington, DC, for Respondent.

**DECISION AWARDING ATTORNEYS' FEES AND COSTS**[1]

On October 8, 2019, Mark A. Haynes ("Petitioner") filed a petition in the National Vaccine Injury Program[2] alleging that as a result of receiving an influenza ("flu") vaccine on November 20, 2018, he suffered chronic inflammatory demyelinating polyneuropathy ("CIDP"). Amended Petition at Preamble (ECF No. 19). A decision based on stipulation issued on September 30, 2024. Decision Based on Stipulation dated Sept. 30, 2024 (ECF No. 125).

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to -34 (2018) ("Vaccine Act" or "the Act"). All citations in this Decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

On April 22, 2025, Petitioner filed a motion for attorneys' fees and costs. Petitioner's Motion for Attorneys' Fees and Costs ("Pet. Mot."), filed Apr. 22, 2025 (ECF No. 129). Petitioner requests compensation in the amount of $80,390.75, representing $64,241.20 in attorneys' fees and $16,149.55 in costs. Id. at 2. Petitioner warrants that he has not personally incurred any costs in pursuit of his claim for compensation. Id. Respondent filed his response on April 28, 2025, stating he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Respondent's Response to Pet. Mot. ("Resp. Response"), filed Apr. 28, 2025, at 2 (ECF No. 130). Petitioner did not file a reply. The matter is now ripe for disposition.

Petitioner requests the following hourly rates for the work of his counsel: for Mr. Nathan Williams, $355.00 per hour for work performed in 2019, $360.00 per hour for work performed in 2020, $375.00 per hour for work performed in 2021, $386.00 per hour for work performed in 2022, $406.00 per hour for work performed in 2023, $426.00 per hour for work performed in 2024, and $455.00 per hour for work performed in 2025. Petitioner also requests rates between $141.00 to $175.00 rates for work of their counsel's paralegals from 2019 to 2024.

The undersigned finds the rates up to 2024 consistent with what counsel has previously been awarded for their Vaccine Program work. The undersigned finds Mr. Williams' 2025 rate reasonable and in accordance with the OSM Attorneys' Forum Hourly Rate Fee Schedule, and will award the requested rate. The undersigned has reviewed the submitted billing entries and finds the total number of hours billed to be reasonable and will award them in full.[3]

Lastly, the undersigned has reviewed the requested costs and finds them to be reasonable and supported with appropriate documentation. Accordingly, the full amount of costs shall be awarded.

---

[3] Various billing entries contain billing for noncompensable, administrative tasks, which is not permitted in the Vaccine Program. See, e.g., Rochester v. United States, 18 Cl. Ct. 379, 387 (1989) (stating that services that are "primarily of a secretarial or clerical nature . . . should be considered as normal overhead office costs included within the attorneys' fee rates"); Paul v. Sec'y of Health & Hum. Servs., No. 19-1221V, 2023 WL 1956423, at *3 (Fed. Cl. Spec. Mstr. Feb. 13, 2023) ("Clerical and secretarial tasks should not be billed at all, regardless of who performs them."). The preparation of records and exhibits for filing has repeatedly been deemed administrative and thus noncompensable. See, e.g., Wallace v. Sec'y of Health & Hum. Servs., No. 17-1074V, 2018 WL 6977489, at *2 (Fed. Cl. Spec. Mstr. Nov. 19, 2018) (noting the preparation of medical records an administrative and noncompensable task); Phelan ex rel. A.P. v. Sec'y of Health & Hum. Servs., No. 18-1366V, 2025 WL 1453777, at *3 (Fed. Cl. Spec. Mstr. Apr. 30, 2025) (same). Filing exhibits are also considered administrative tasks. See, e.g., Wakileh v. Sec'y of Health & Hum. Servs., No. 21-1136V, 2023 WL 9228198, at *3 (Fed. Cl. Spec. Mstr. Dec. 18, 2023).

The undersigned will not deduct Petitioner's fees request for billing entries for noncompensable tasks because she finds the overall amount requested reasonable. However, counsel is warned against billing for filing and preparing (e.g., downloading, uploading, scanning, bate-stamping, indexing) documents in the future. The undersigned may deduct for this in the future.

Therefore, the undersigned finds no cause to reduce the requested hours or rates, or the requested costs.

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). Based on the reasonableness of Petitioner's request, the undersigned **GRANTS** Petitioner's motion for attorneys' fees and costs.

**Accordingly, the undersigned awards:**

**Petitioner is awarded attorneys' fees and costs in the total amount of $80,390.75, to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this Decision.[4]

**IT IS SO ORDERED.**

/s/ Nora Beth Dorsey
Nora Beth Dorsey
Special Master

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.